IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

JACOB G. VAN PRAAG, *et al.*,

   Plaintiffs,

v.

DHL EXPRESS (USA), INC., *et al.*,

   Defendants.

Civil No. 13-1128 (BJM)

## OPINION AND ORDER

Jacob G. Van Praag ("Van Praag"), his wife, Luz M. Molinari-Arroyo ("Molinari"), and their conjugal partnership sued DHL Express (USA), Inc. ("DHL"); King Fisher Air Service, Air Safari, Inc. ("KAS"); Air St. Kitts Nevis (2005) Limited ("ASKN"); Eric M. Lamb; Richard V. Hurley; Enrique A. Veglio, and others, alleging employment discrimination in violation of the Family Medical Leave Act of 1993 ("FMLA") and various Puerto Rico statutes. Docket No. 1 ("Compl."). Veglio moved to dismiss the complaint for failure to state a claim against him. Docket No. 9. Plaintiffs replied. Docket No. 29. The parties have consented to proceed before a magistrate judge. Docket No. 39.

For the reasons set forth below, Veglio's motion to dismiss is **GRANTED**.

## STANDARD OF REVIEW

In order to survive a Rule 12(b)(6) motion, a complaint must allege "a plausible entitlement to relief." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 559 (2007). However, a court should "accept well-pled factual allegations in the complaint as true and make all reasonable inferences in the plaintiff's favor." *Miss. Pub. Emps.' Ret. Sys. v. Boston Scientific Corp.*, 523 F.3d 75, 85 (1st Cir. 2008). While a complaint need not contain detailed factual allegations in order to withstand dismissal, a plaintiff's "obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not

do." *Twombly*, 550 U.S. at 555 (internal citation omitted).  The court need not accept as true legal conclusions or "'naked assertions' devoid of 'further factual enhancement.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 557) (internal alteration omitted); *Maldonado v. Fontanes*, 568 F.3d 263, 267 (1st Cir. 2009).  The complaint must allege enough factual content to nudge a claim across the line from conceivable to plausible.  *Iqbal*, 556 U.S. at 680.  The plaintiff must show more than the "sheer possibility that a defendant has acted unlawfully."  *Id.* at 678.  "Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but has not shown—that the pleader is entitled to relief."  *Id.* at 679 (internal quotations and alterations omitted).

## BACKGROUND

The following summary is based on the well-pleaded facts in the complaint, limited to those facts that are relevant to Veglio's motion to dismiss.

Plaintiff Jacob G. Van Praag is an airplane pilot, who worked for defendants DHL, KAS, and ASKN in various capacities for 14 years, from August 1998 to February 2012.  Van Praag is a citizen of the Netherlands and currently resides in Spain.  Compl. ¶¶ 7, 30.  Luz M. Molinari-Arroyo, Van Praag's spouse, resides with Van Praag in Spain.  Compl. ¶ 8.

King Fisher Air Service, Air Safari, Inc. ("KAS"), a Delaware Corporation, provides aircraft services to DHL Express (USA), Inc. for the delivery of time-sensitive documents, materials, and shipments.  Compl. ¶¶ 9–10.  Air St. Kitts Nevis (2005) Limited ("ASKN"), a company organized under the laws of the Federation of Saint Christopher and Nevis, was KAS' predecessor prior to 2001.  Compl. ¶¶ 11–12.

At all relevant times, Eric M. Lamb was the real owner or principal of both KAS and ASKN.  Compl. ¶ 21.  Richard V. Hurley was the Director of Operations at KAS.  Compl. ¶ 24.  Enrique A. Veglio, was KAS and ASKN's Chief Pilot of Flight Operations.  Compl. ¶ 26.

Van Praag began his career as a pilot in the early 1990s.  In August 1998, he was hired on a part-time basis by ASKN, to deliver DHL shipments to Nevis, St. Marteen, and Trinidad.  Compl. ¶ 36.  For approximately ten years, starting in 2001 through 2009, Van Praag commuted from Spain (his home) to Puerto Rico for work on average twice a month.  Compl. ¶ 38.  He rose through the ranks of the company, eventually serving as Assistant Director of Operations in late 2009.  Compl. ¶ 40.

In July 2011, Lamb and Hurley informed Van Praag that due to the company's financial situation, his salary would be reduced from $6,600 to $1,000 per month, the costs of commuting between Spain and Puerto Rico would no longer be reimbursed, and he was required to spend more time in Puerto Rico.  Compl. ¶ 44.  Van Praag attempted to negotiate for better terms, but in early August, he agreed to the reduced hours and reduced salary of $1,000 a month originally proposed.  Compl. ¶¶ 50–51.  Around the same time, Van Praag informed Veglio and others at KAS that he was starting treatment for depression, and that he was taking medication which made him tired, dizzy, drowsy, and generally unable to make flight-related decisions.  Compl. ¶¶ 52–54.  Also in August 2011, Veglio allegedly changed Van Praag's company e-mail address, with Lamb and Hurley's knowledge and consent.  This change caused Van Praag to stop receiving certain daily operational emails, which reflected negatively on his job performance.  Compl. ¶ 59.

In October 2011, Lamb and Hurley acknowledged Van Praag's reported medical condition and asked for a status on his health.  Compl. ¶¶ 56–57.  Due to his medical condition, Van Praag was unable to return to work and perform some of his flight duties starting August 2011.  He was formally terminated by KAS in February 2012.  Compl. ¶ 73.  Van Praag was formally diagnosed with "Adjustment Disorder, Depressed Mood" in March 2012.  Compl. ¶ 57.

Molinari was being treated for depression in March 2011.  Beginning in July 2011, when KAS notified Van Praag that his hours and salary would be reduced, Molinari

experienced a "severe relapse of depression." Compl. ¶¶ 123–24. In December 2011, Molinari's condition worsened such that her anti-depression medication had to be increased to 15 mgs. Compl. ¶ 125.

Plaintiffs filed this action on February 12, 2013. Docket No. 1. The complaint asserts five causes of action: (1) disability discrimination, in violation of Law No. 44 of July 2, 1985, 1 L.P.R.A. § 501 ("Law 44"); (2) retaliation, in violation of Law No. 115 of December 20, 1991, 29 L.P.R.A. § 194 ("Law 115"); (3) violation of the Family Medical Leave Act, 29 U.S.C. § 2601; (4) unlawful termination, in violation of Law No. 80 of May 30, 1976, 29 L.P.R.A. § 185a; and (5) damages under Article 1802 of the Puerto Rico Civil Code, 31 L.P.R.A. § 5141. Compl. ¶¶ 77–129.

## DISCUSSION

Veglio seeks dismissal of Van Praag's Law 44 discrimination claim against him on the basis that the statute does not provide for individual liability. Mot. 2. Veglio argues that plaintiff Molinari's Article 1802 is time-barred, and must be dismissed as it cannot survive independently of Van Praag's underlying discrimination claim.[1] Mot. 3. I will address each contention in turn.

### I.     No Individual Liability under Law 44

Veglio asserts that Van Praag's discrimination claim under Law 44 must be dismissed against him because individuals cannot be held liable under Law 44. Mot. 4–6. In response, Van Praag argues that neither the Puerto Rico Supreme Court nor the First Circuit has definitively ruled on the issue of individual liability under Law 44, and thus Van Praag's Law 44 claim against Veglio should not be dismissed as a matter of law. Opp. 2–5.

---

[1] Veglio notes that plaintiff's second, third, and fourth causes of action are not directed at him. Mot. 2. Van Praag does not contest this reading of the complaint. Thus I will proceed on the basis that the complaint only asserts two causes of action against Veglio—the Law 44 and Article 1802 claims.

Law 44 generally prohibits discrimination against individuals with disabilities by any public or private institution that receives funds from the Commonwealth of Puerto Rico. 1 L.P.R.A. § 502. Following the enactment of the Americans with Disabilities Act ("ADA"), Law 44 was amended to extend its protections to persons employed by private institutions in Puerto Rico and to conform Puerto Rico's statutory scheme to the ADA. *See* § 505; Statement of Motives to Law No. 105 of December 20, 1991, at 910 (stating that Law No. 105 rectifies barriers to employment left up by Law 44, and "attunes our local statute with . . . the Americans with Disabilities Act"); *Garcia v. Darex P.R., Inc.*, 148 D.P.R. 364, 385 (1999) (in Spanish); *Rios v. Cidra Mfg. Oper. of P.R., Inc.*, 145 D.P.R. 746, 749 (1998) (in Spanish). Although the Supreme Court has not ruled on the issue, the First Circuit has held that there is no individual liability under the ADA. *Roman-Oliveras v. P.R. Elec. Power Auth.*, 655 F.3d 43, 52 (1st Cir. 2011). And because the Puerto Rico legislature's express intent was to conform the statute to the ADA, courts have consistently held—including this district and the Puerto Rico Court of Appeals—that Law 44 also does not provide for individual liability. *Torres v. House of Reps. of P.R.*, 858 F. Supp. 2d 172, 194 (D.P.R. 2012).

Van Praag's argument that Law 44 could be read to impose individual liability is unpersuasive. Although neither the Puerto Rico Supreme Court nor the First Circuit has directly addressed the issue of individual liability under Law 44, plaintiff's theory for individual liability has been consistently rejected by courts in this district and the Puerto Rico Court of Appeals. *Torres*, 858 F. Supp. 2d at 194 (finding the analysis and logic of courts in this district rejecting Law 44 individual liability "compelling"). Because Veglio cannot be held liable as an employer under Law 44, *see* § 501 (defining employer to include the Commonwealth of Puerto Rico, its agencies and municipalities, and any private or public institution that employs fifteen or more individuals), Van Praag's Law 44 claim against Veglio must be dismissed.

### II.     Molinari's Article 1802 Claim

Article 1802 of the Puerto Rico Civil Code states that "[a] person who by an act or omission causes damages to another through fault or negligence shall be obliged to repair the damage so done."  31 L.P.R.A. § 5141.  Relatives of victims of employment discrimination have a cause of action under Article 1802.  *Montalvo v. Cooperativa de Ahorro*, 685 F. Supp. 2d 264, 279 (D.P.R. 2010).  However, such 1802 claims are "contingent upon" and cannot survive independently of the victim's underlying employment discrimination or retaliation claim.  *Marcano-Rivera v. Pueblo Int'l, Inc.*, 232 F.3d 245, 258 n. 7 (1st Cir. 2000).  Because Van Praag has failed to state a valid cause of action against Veglio, Molinari's 1802 claim also must be dismissed.  *See, e.g.*, *Marrero v. Schindler Elevator Corp.*, 494 F. Supp. 2d 102, 112 (D.P.R. 2007) (dismissing spouse's 1802 claim where the employee's discrimination claim is dismissed with prejudice).

## CONCLUSION

For the foregoing reasons, the motion to dismiss is **GRANTED**.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 10th day of March, 2014.

*S/ Bruce J. McGiverin*
BRUCE J. MCGIVERIN
United States Magistrate Judge